UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X

UNITED STATES OF AMERICA

     - v -

CELAMOUR BERUS

         Defendant.

---------------------------------------------------X

**<u>Memorandum of Law</u>**

14 CR 199 (ARR)

## <u>MEMORANDUM OF LAW IN SUPPORT<br>OF MOTION TO SUPPRESS</u>

Celamour Berus, through counsel, submits this memorandum in support of our motion to suppress statements taken in violation of Mr. Berus' Fourth and Fifth Amendment rights. Mr. Berus stands before the Court charged by indictment with 38 counts of aiding and assisting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2). He is also charged with four counts of subscribing to a false individual income tax return in violation of 26 U.S.C. § 7206(1).

### BACKGROUND

In the early morning hours of April 10, 2014 Mr. Celamour Berus was asleep at his home at 14012 Marissa Street, Springfield Gardens, NY 11413. While Mr. Berus slept in his bed, oblivious to the growing mass of agents arriving at his door, he could not and did not anticipate that he was about to be arrested and brought to court on federal charges stemming from the business he had run for over a decade. Agents knocked hard on his front door, and his girlfriend opened it... The knocking awoke Mr. Berus who met the agents at the door in his pajamas, confused and tired. The agents notified Mr. Berus that he was under arrest and escorted him out of his home. Upon going outside, Mr. Berus was astonished by the number of law enforcement

outside of his home. Trembling, shocked and still drowsy, Mr. Berus was placed into one of the agent's cars, at which time the agents asked him a number of questions about his tax preparer business and tax returns that he prepared on behalf of clients and himself. Mr. Berus answered those questions. He does not recall being informed that he had the right to remain silent, that he had the right to the assistance of an attorney before answering any questions or being read the Miranda rights form that bears his signature. Mr. Berus also does not recall understanding that he had those rights at the time that he signed the form. Mr. Berus' waiver of his Miranda rights at the time of his arrest was not voluntary, knowing or intelligent. In addition, any statements Mr. Berus made at the time of his arrest were involuntary and thus taken in violation of the Due Process Clause of the Fifth Amendment. For this reason, the Court should suppress the use of these alleged statements for all purposes at trial.

I. **The Alleged Statements Made By Mr. Berus Must Be Suppressed Because They Were Taken in Violation of Mr. Berus' Fifth Amendment Rights**

A. Mr. Berus did not Voluntarily, Knowingly and Intelligently Waive his Fifth Amendment Rights

Due to the pressures inherent in custodial interrogation, a suspect subjected to such questioning must either be provided the now familiar warnings as to his rights or his statement must be suppressed. Miranda v. Arizona, 384 U.S. 436 (1966). While these safeguards are "not themselves rights protected by the Constitution," they are nevertheless "measures to insure that the right against compulsory self-incrimination [is] protected." Michigan v. Tucker, 417 U.S. 433, 444 (1974). Moreover, "[t]he prophylactic rule of Miranda sweeps more broadly than the Fifth Amendment itself … and requires the suppression of some confessions that, while perhaps not actually involuntary, were obtained in the presumptively coercive environment of police

2

custody." <u>Tankleff v. Senkowski</u>, 135 F.3d 235, 242 (1997). For the <u>Miranda</u> advice-of-rights requirements to be triggered, the defendant must be subjected to "custodial interrogation." <u>Illinois v. Perkins</u>, 496 U.S. 292, 296 (1990).

Mr. Berus was under arrest and in the agents' custody when he was interrogated. Agents arrived at his home and executed an arrest warrant. They placed him under arrest and brought him to their car to be transported for processing. While in the agent's vehicle, Mr. Berus was asked questions about his involvement in the preparation of tax returns for his clients and for himself which agents believed to contain false information.

To establish a valid <u>Miranda</u> waiver, the government must prove by a preponderance of the evidence that 1) the relinquishment of Mr. Berus' rights was voluntary and 2) Mr. Berus had a full awareness of the rights being waived and of the consequences of waiving those rights. <u>United States v. Jaswal</u>, 47 F.3d. 539, 542 (2d Cir. 1995).

Mr. Berus was arrested at approximately 6:30 in the morning. Prior to the agents' arrival at his home, he was asleep and had no reason to anticipate that he would be awoken to the sound of banging on his door by federal agents who would take him into custody for serious federal charges. Still asleep and in shock, he was taken from his home and placed into a vehicle by several members of the group of agents that had come to his home to effectuate his arrest. Mr. Berus was then asked to sign paperwork, the <u>Miranda</u> form. Mr. Berus signed the form quickly, trembling and horrified that he had just been arrested in front of his girlfriend and his neighbors. When Mr. Berus signed the form he did not understand what he was signing. The Court should not find that there was a valid waiver of rights in this case.

3

B.  Mr. Berus' Alleged Statements Were Involuntary Under the Fifth Amendment

Mr. Berus' statements cannot be used at trial unless his rational intellect and free will produced these statements. Mincey v. Arizona, 437 U.S. 385, 398 (1978). In determining whether Mr. Berus voluntarily made his statements, the Court must consider the totality of the circumstances.  Arizona v. Fulminante, 499 U.S. 279 (1991). The "unique characteristics of a particular suspect" as well as the nature of the police conduct must be taken into account when determining the voluntariness of a confession." Colorado v. Connelly, 479 U.S. 157, 163 (1985). There is an "essential link between coercive activity of the State, . . . and a resulting confession by a defendant." Id. at 165.

The totality of the circumstances surrounding the interrogation of Mr. Berus renders his statements involuntary under the Due Process Clause of the Fifth Amendment. Mr. Berus was intimidated by the questioning and presence of police. Mr. Berus is inexperienced with the criminal justice system and had been abruptly awoken by a large number of agents banging loudly on his door early in the morning. He was in shock, confused and unable to think clearly or speak with volition at the time of his interrogation.

4

**CONCLUSION**

For the foregoing reasons, the defendant's motion should be granted in its entirety.

Dated: March 13, 2015
     Brooklyn, New York

                                       RESPECTFULLY SUBMITTED,


                                       _____/S/_____
                                       AMANDA L. DAVID
                                       Federal Defenders of New York, Inc
                                       Counsel for Celamour Berus
                                       One Pierrepont Plaza, 16th Floor

                                       Brooklyn, NY 11201
                                       718.330.1208


COPIES TO:

     Chambers of the Honorable Allyne R. Ross
     AUSA Jeffrey Bender
     AUSA Brittany Campbell (via ECF)

     Clerk of Court (via ECF)