**Federal Defenders OF NEW YORK, INC.**

Eastern District
One Pierrepont Plaza - 16th Floor, Brooklyn, NY, 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
Executive Director and
Attorney-in-Chief

Eastern District
Peter Kirchheimer
Attorney-in-Charge

September 15, 2015

The Honorable Judge Allyne Ross
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>United States v. Celamour Berus 14CR199</u>

Dear Judge Ross:

      I write on behalf of Mr. Celamour Berus who is scheduled to be sentenced by this Court on September 22, 2015. Mr. Berus pled guilty to a 42 count indictment which charged him with tax preparer fraud and subscribing false to tax returns that he prepared for himself. At 61 years old, Mr. Berus has no criminal history; no prior convictions or arrests. He is the father of five children, two of which currently live with him and their mother, Mr. Berus's fiancée. But Mr. Berus's family is much larger than his children – he financially supports and cares for his siblings, his mother, his nieces and nephews, family friends and members of the Haitian community, both in the United States and in Haiti. Mr. Berus's life has been a testament to his strong desire to help members of his own community and other immigrant communities both in this country and abroad, starting with his own immediate and extended family. He admits that this desire to help others has, in part, resulted in him exercising extremely poor judgment.

      Mr. Berus began his tax preparation business with the intention of serving a community that he sincerely believed would benefit from his knowledge and his hard work ethic. Despite the misrepresentations he made on behalf of his clients those intentions remained a large motivator for maintaining his business. Feeling pressure from the many people that rely on him and deeply saddened by how his illegal activity had essentially destroyed his business, Mr. Berus admittedly continued to engage in fraudulent conduct despite warnings to stop. He had spent his whole life priding himself on his ability to help others through his small business and on being a source of financial support for those he cared about. That pride he recognizes now was in many ways his downfall. The seriousness of this conduct and the impact that it has had on the government, is not lost on Mr. Berus. Forced to open up to his family and his community about his wrongful actions after his guilty plea, Mr. Berus has finally put aside his pride and come to terms with the fact that despite his intention to be helpful to his family and his

1

community he had no right to disregard the law. Mr. Berus now comes before the Court requesting that the Court consider his background, the ways in which his family and community experience him and those very sincere intentions. Counsel on behalf of Mr. Berus requests that the Court sentence him to a period of probation, departing from the sentencing guidelines, to allow Mr. Berus to earn money to pay back the amount of restitution ordered and be able to support his family.

### I.  APPLICABLE GUIDELINE RANGE

As an initial matter we have no objection to the guideline range. Probation calculates a base offense level of 18 based on the amount of tax loss, with a two point enhancement under Section 2T1.4(b)(1)(B) and a two point reduction for acceptance of responsibility. This results in a total offense level of 18. Mr. Berus is in Category I of the sentencing guidelines and taken in conjunction with his total offense level this corresponds to a range of 27-33 months of incarceration.

### II.  BACKGROUND

Mr. Berus was born in Limbe, Haiti, immigrating to the United States in 1988 when was well into adulthood. Mr. Berus's early years were spent entirely in Haiti. Growing up his family struggled financially, lacking amenities that many take for granted such as running water and electricity. When Mr. Berus later moved in with his mother he experienced a more comfortable upbringing but still saw his mother work hard and struggle to support him and his siblings. This understanding of the importance of hard work stayed with Mr. Berus into his adolescence and well into his adulthood. Mr. Berus made his education a priority both while he was in Haiti and later when he moved to the United States. The importance of education is a principle that he has continuously instilled in all of his children, one that they credit to their successes.

Mr. Berus's intention early on was to use his education and skills to be able to help others, whether they were members of his own family or his larger community. Cognizant of the struggles of the poor in Haiti, Mr. Berus also considered his immigration to the United States to have been an important stepping stone in improving his life and giving him a larger range of opportunities for success. Given those beliefs Mr. Berus has constantly focused his energies on helping immigrant families either through his tax services or in assisting them with dealing with immigration matters based on his own personal experiences of helping his family members navigate the process of coming to the United States. It is easy to see Mr. Berus's business as entirely self-serving because of the nature of the charges for which he has pled guilty and the substantial amount of loss involved. However, that Mr. Berus was not charging his clients exorbitant fees for his services, sometimes performing those services for free and that he himself is currently financially struggling, suggests otherwise. Mr. Berus was proud to set up

his own business not because he thought that he would make more money doing so then working for someone else, but because of the vision he had a vision for his company. He wanted his office in some ways to be a source of refuge for clients who could not afford the more expensive fees of the larger more popular offices. He built up a network of clients who he grew genuinely care about and who he wanted to secure high tax returns for. Unfortunately his to keep their business and justify their reliance in him was what in part motivated his misrepresentations. His desire to make enough money to support his family at home and abroad was the other part of his motivation to undertake illegal means to increase his business. Soon, Mr. Berus's simple intentions became complicated in his mind, clouded by a desire to grow the business at large costs to himself, his family and society.

   Even when things had clearly spun out of control Mr. Berus admittedly continued his actions because he needed money to support his large family network.  In addition to Mr. Berus's five living children he lost two of his children to illness. Those losses further enhanced his desire to be an active, supportive parent who his children could look to as a role model. Having the financial means to support them and being able to show them that his business was a successful venture gained from his prioritizing his education and diligence became a primary goal for Mr. Berus. Mr. Berus spent, and continues to spend, many nights helping his children with their homework, encouraging them, helping them find employment and trying to ensure their success. The results validate his efforts; two of his adult children are both employed and his younger two children are flourishing in school.

   In addition, Mr. Berus is financially supporting a number of his other family members: his 96 year old mother, his 70 year old brother and his sister in law, his 67 year old brother, his 72 year old brother and that brother's four children, a cousin and his fiancée. When Mr. Berus's sister in law passed away he paid for her funeral and took in two of his nieces and nephews to ensure that they attended school. He sends money back to Haiti to help other extended family members pay their rent, supporting his other nieces and nephews in Haiti entirely when his older sister passed away in 1997. Before Mr. Berus' father passed away from prostate cancer, the family counted on Mr. Berus again to fund his care and treatment. Although his fiancée owns the home in which they live, he has assumed financial responsibility of her mortgage and their utility bills. Since his arrest, the family has struggled enormously to keep up with the bills, forced to almost entirely rely on the income his fiancée brings home from her job as a nurse.

   This period has forced Mr. Berus to come to the hard realization that despite his desire to be the person that supports so much of his family, for his business to be the place where people turn to for help, that that comes with a cost when he has either overextended his resources or he finds himself engaging in wrongful conduct in order to do so. The consequences of his fraudulent actions has been catastrophic for his family. It has undermined a system that he both deeply respected and believed in when he began his business and it has jeopardized his freedom, tarnished his reputation and left him with a criminal record. Mr. Berus has come to

realize that his choice to engage in illegal behavior has undone the success that he envisioned for himself and his family and prevented him from being the pillar of support that he once used to justify his behavior.

### III. REASONABLE SENTENCE UNDER 18 U.S.C. SECTION 3553

The factors that are used to assess and predict future recidivism, such as prior criminal history, education and employment, alcohol and drug problems, anti-social behavior, and ties to the community, all support the argument that Celamour Berus is highly unlikely to reoffend. Although the government makes note of Mr. Berus committing the same violations of the tax law over a significant period of time, as discussed earlier in this submission, pleading guilty to these offenses, admitting his crimes in open court and admitting them to family and friends has forced Mr. Berus to directly confront his wrongdoings. From that confrontation came a clear and genuine understanding of how his choices impacted society, his family and his own life. His only desire going forward is to find some other way to help his community and his family within the confines of the law. Mr. Berus is an educated man who has been employed for much of his life. He has no alcohol or drug problems and has never engaged in violent or dangerous behavior. The letters from his family and his family friends demonstrate his strong ties to the community. Mr. Berus at 61 is both horrified and ashamed to find himself before this Court for sentencing. He has no desire whatsoever to engage in behavior that would place him in this position again.

Incarceration would not be an appropriate sentence for Mr. Berus. Mr. Berus understands that he will need to pay a substantial amount of restitution. He is willing to secure legal and gainful employment to do so. In addition, his family still greatly depends on him and although he will no longer be able to and has not been able to since the downfall of his business, support his extended family, he knows that his rather sizeable immediate household still continues to rely on him for assistance. If incarcerated they will lose him as a source of any financial support and his ability to pay restitution will be delayed. Further, Mr. Berus's health has deteriorated in recent years. He is a diabetic which has resulted in complications with his vision leading to recent surgery and he also suffers from high blood pressure. There is a sincere concern that his physical health will be further compromised by a period of incarceration and that a part from what that will mean for his own livelihood could also impact his employability upon release.

### IV. CONCLUSION

The defense requests a significant period of probation for Mr. Celamour Berus in lieu of a period of incarceration. This would be a sentence sufficient but not greater than necessary to comply with the purposes of sentencing. It would provide just punishment for the offense and reflect the seriousness of the offense, be an adequate deterrent to future criminal conduct,

protect the public and provide Mr. Berus the opportunity to compensate for the loss his actions exacted on the government by allowing him to work to pay back restitution while simultaneously being able to contribute to his immediate family.

      Given Mr. Berus's history and characteristics we respectfully submit that a period of incarceration will not achieve the statutory purposes of sentencing and therefore ask for a probationary sentence.

      Respectfully Submitted,

      /s/ Amanda David
      Amanda David
      Assistant Federal Defender
      Counsel to Celamour Berus
      Federal Defenders of New York, Inc.
      One Pierrepont Plaza, 16th Floor
      Brooklyn, NY 11201
      (718) 330-1208

Copies to:
Jeffrey Binder, Assistant United States Attorney (via ECF)